```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
JAHREESE FERERA,

                    Plaintiff,

          -against-

CITY OF NEW YORK, ROCELIO FLORIAN (Shield #5139), DAVID VEGAMORALES (Shield #6953), LUIS RIVERA (shield #8037), and STEVEN MARTINEZ (Shield #7596),

                    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/29/2025_

24 Civ. 3911 (AT) (OTW)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

    Plaintiff, Jahreese Ferera, brings this 42 U.S.C. § 1983 action against Defendants, the City of New York and New York City Police Department Officers Rocelio Florian, David Vegamorales, Luis Rivera, and Steven Martinez (the "NYPD Officers"), alleging Fourth and Fourteenth Amendment violations arising from Ferera's January 2023 arrest. *See generally* Am. Compl., ECF No. 20. Ferera moved for partial summary judgment on his first claim, unconstitutional arrest under the Fourth Amendment, ECF No. 43, and Defendants moved to dismiss the amended complaint in its entirety, ECF No. 48. Pursuant to an order of reference, ECF No. 41, the Honorable Ona T. Wang issued a report recommending that the Court deny Ferera's partial summary judgment motion (the "SJ R&R") and a report recommending that the Court grant in part and deny in part Defendants' motion to dismiss (the "MTD R&R"). SJ R&R, ECF No. 76; MTD R&R, ECF No. 77. Before the Court are Ferera's objections to the R&Rs. Objs., ECF No. 79; *see also* Resp., ECF No. 82. For the reasons stated below, the Court overrules Ferera's objections and adopts the R&Rs in full.

## DISCUSSION[1]

I. <u>Legal Standard</u>

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted).

When a party makes specific objections, the Court reviews *de novo* those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, when a party "makes only conclusory or general objections, or simply reiterates the original arguments," the Court reviews the R&R "strictly for clear error." *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018) (citation omitted), *aff'd*, 837 F. App'x 841 (2d Cir. 2021) (summary order); *see also Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."); *Edwards v. Fischer*, 414 F. Supp. 2d 342, 347 (S.D.N.Y. 2006) ("[W]here objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [motion], reviewing courts should review a report and recommendation for clear error." (citation omitted)). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)

---

[1] The Court presumes familiarity with the facts and procedural history of this action, *see* SJ R&R at 1–4; MTD R&R at 2–3, and recites only key facts and procedural details in connection with Ferera's objections below.

(citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

II.    Ferera's Objections

    A.  SJ R&R

As the SJ R&R recounts, on January 27, 2023, Ferera hired a hairstylist, MW, to style his hair at Ferera's home. *See* SJ R&R at 2. After MW finished styling Ferera's hair, a dispute arose between them because MW allegedly demanded more money than she had originally represented for the job. *See id*. at 2–3. The NYPD Officers then arrived at Ferera's home. *Id*. at 3. Although the parties dispute the events leading to Ferera's arrest, Judge Wang found that the body-worn camera ("BWC") footage shows that, when the NYPD Officers arrived, Ferera and MW were engaged in an altercation outside the house. *Id*. at 3. MW told the NYPD Officers that Ferera had sexually assaulted her in the house, punched her in the head, and "sicc[ed]" his dog on her. *Id*. Ferera picked up his dog and walked into the house. *Id*. Some NYPD Officers stayed outside the house with MW; others, including Officer Florian, followed Ferera to his doorstep and instructed him to keep the front door open. *Id*. Although Ferera insisted that Florian allow him to shut the door so Ferera could put the dog away before speaking to the police, Florian refused and blocked the door with his foot. *Id*.

During this time, MW is heard yelling that Ferera tried to rape her and punched her in the face. *Id*. Ferera alleges that Officer Florian then pushed the front door open, which caused the dog to run outside the house. *Id*. at 3–4. The dog then attacked MW and possibly one of the NYPD Officers. *Id*. at 4. Ferera then picked up his dog while arguing with Florian, who Ferera claims followed Ferera into the house with his gun drawn. *Id*. at 4. Defendants claim that the NYPD Officers remained at the threshold of Ferera's house and that Florian drew his gun and

entered the house only after the dog ran outside to attack MW and other NYPD Officers. *Id*. It is undisputed that, after Florian drew his gun, Ferera put the dog in a room and was arrested inside his house. *Id*.

In analyzing Ferera's Fourth Amendment unconstitutional arrest claim, Judge Wang addressed Ferera's argument that the BWC footage "unequivocally shows that Defendants arrested [Ferera] in his home without . . . exigent circumstances." *Id*. at 7 (quoting ECF No. 44 at 4); *see also United States v. James*, 415 F. Supp. 2d 132, 146 (E.D.N.Y. 2006) (stating that the "Fourth Amendment does not permit a warrantless entry into a suspect's home to arrest him unless the circumstances are exigent" (citation omitted)). Judge Wang disagreed, concluding that the BWC footage revealed a genuine issue of material fact as to whether exigent circumstances existed. SJ R&R at 7. Specifically, Judge Wang emphasized that the NYPD Officers arrived at Ferera's house to find Ferera and MW engaged in an altercation; that a "highly emotional" MW claimed that Ferera sexually assaulted her, punched her, and "sicced" his dog on her after she ran outside his home; that Ferera's dog ran outside the house toward MW; that the NYPD Officers did not "obviously cross the threshold of [Ferera's] residence until after the second time the dog runs out and apparently attacks two people;" and that "clear from the video is that [Ferera] could not have been handcuffed without the risk of the dog biting others[] because [he] was either holding the (unleashed) dog or running to grab the dog while [the NYPD Officers] were outside." *Id*. at 7–8. In light of this, Judge Wang concluded that, when "viewed in the light most favorable to the nonmoving Defendants," the record raises a genuine dispute as to whether exigent circumstances existed to justify the NYPD Officers' entry into Ferera's house to arrest him. *Id*. at 8.

Ferera objects to the SJ R&R on the basis that there are no exigent circumstances that justify the NYPD Officers' warrantless arrest of Ferera in his home. Objs. at 6–10. Because Ferera

4

raised this argument before Judge Wang, and Judge Wang addressed the argument in the SJ R&R, the Court reviews the SJ R&R strictly for clear error. *Harris*, 338 F. Supp. 3d at 174; *Edwards*, 414 F. Supp. 2d at 346–47.

Ferera's position, that the SJ R&R "is wrong to suggest that" the NYPD Officers' conduct was legal and that the evidence "does not establish any exigent circumstances that would warrant arresting [Ferera] in his home," misconstrues the SJ R&R and the summary judgment standard. *See* Objs. at 6–10. The SJ R&R does not "suggest" that any conduct was legal, nor does the SJ R&R conclude that exigent circumstances warranted arresting Ferera. The SJ R&R finds only that there is a genuine issue of material fact as to whether exigent circumstances existed and that summary judgment is therefore inappropriate at this stage of the proceedings. *See generally* SJ R&R. Ferera's objections fail to grapple with the summary judgment standard in any way. Accordingly, the Court is not left with the "definite and firm conviction" that Judge Wang erred in concluding that a genuine issue of material fact precludes summary judgment in favor of Ferera on Count One. *Easley*, 532 U.S. at 242 (citation omitted).

B. MTD R&R

Next, Ferera objects to the MTD R&R's recommendation that the Court dismiss Counts Two and Three of his amended complaint. Objs. at 10. In Count Two, excessive force under the Fourth Amendment, Ferera alleges that Officer Florian used "more force than was necessary" by "needlessly point[ing] a gun" at Ferera during his arrest. Am. Compl. ¶ 66. In Count Three, violation of Ferera's substantive due process rights under the Fourteenth Amendment, Ferera also alleges that Florian "needlessly point[ing] his gun" at Ferera "constituted excessive force against a free person." *Id*. ¶¶ 75–76.

5

The MTD R&R recommends that the Court dismiss Counts Two and Three.  MTD R&R at 6–8.  In arriving at this recommendation, Judge Wang first explained that excessive force claims arising from an arrest "are analyzed under the Fourth Amendment's objective reasonableness standard."  *Id*. at 6 (quoting *Soto v. City of New York*, 283 F. Supp. 3d 135, 140–41 (S.D.N.Y. 2017) (citation omitted)).  The "question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."  *Id*. at 7 (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989) (citation omitted)).  To defeat a motion to dismiss, Ferera must generally "plead facts to show [that] [Officer] Florian's use of force, if any, was greater than *de minimis*."  *Id*. (citing *Romano v. Howarth*, 998 F. 2d 101, 105 (2d Cir. 1993)).  The "vast majority of cases within the Second Circuit hold that merely drawing weapons when effectuating an arrest does not constitute excessive force as a matter of law."  *Id*. (quoting *Dunkelberger v. Dunkelberger*, No. 14 Civ. 3877, 2015 WL 5730605, at *15 (S.D.N.Y. Sept. 30, 2015) (collecting cases)).

Based on this Circuit's caselaw, Judge Wang found that Ferera's sole allegation that Officer Florian used excessive force by aiming a gun at him during his arrest was insufficient to plausibly plead that Florian "used any unconstitutional or unreasonable force against [Ferera], or, indeed, any force at all."  MTD R&R at 7–8.  And, because Ferera's substantive due process claim is based on the same allegation, Judge Wang also concluded that "there is no substantive due process violation because there is no use of excessive force."  *Id*. at 8.  Accordingly, the MTD R&R recommends that the Court dismiss Counts Two and Three.  *Id*. at 7–8.

Ferera objects to this recommendation, arguing that "pointing a gun can constitute excessive force when it is unreasonable."  Objs. at 10–13.  Because Ferera raised this argument before Judge Wang, and Judge Wang addressed the argument in the MTD R&R, the Court reviews

6

the MTD R&R strictly for clear error. *Harris*, 338 F. Supp. 3d at 174; *Edwards*, 414 F. Supp. 2d at 346–47. Although the Court agrees with Ferera that a reasonableness standard applies to his excessive force claims, the Court finds no clear error in Judge Wang's conclusion that Ferera's bare allegation that Officer Florian pointed a gun at him does not plausibly plead excessive force. *See, e.g.*, *Cabral v. City of New York,* No. 12 Civ. 4659, 2014 WL 4636433, at *11 (S.D.N.Y. Sept. 17, 2014) ("[The defendant's] approach with his gun drawn does not constitute excessive force as a matter of law."); *Mittelman v. Cnty. of Rockland*, 07 Civ. 6382, 2013 WL 1248623, at *13 (S.D.N.Y. Mar. 26, 2013) ("Likewise insufficient is [the] [p]laintiff's assertion that the officers pointed guns at him. A threat of force does not constitute excessive force."); *Askins v. City of New York*, No. 09 Civ. 10315, 2011 WL 1334838, at *3 (S.D.N.Y. Mar. 25, 2011) ("[P]laintiff's assertion that a gun was pointed at his head cannot be the basis of a claim for excessive force.").

Ferera next objects to the MTD R&R's recommendation that the Court dismiss Count Four of his amended complaint, in which he alleges that Officer Florian violated his Fourteenth Amendment equal protection rights. Am. Compl. at 10. Specifically, Ferera alleges only that Florian "pointed his gun at [Ferera] because of [Ferera's] race" and that if Florian "thought that [Ferera] posed any danger to anyone, it could only have been because of [Ferera's] race." *Id*. ¶¶ 84–85. Judge Wang concluded that, although it was undisputed that Florian drew his gun at Ferera and that Ferera is Black, those two facts and Ferera's conclusory allegations alone are insufficient to plausibly plead an equal protection violation. MTD R&R at 8.

Ferera objects to Judge Wang's finding, contending that his allegation that Officer Florian pointed his gun at Ferera because he is Black is sufficient to plead an equal protection violation. Objs. at 14; *see also Edwards*, 414 F. Supp. 2d at 346–47 ("[W]here objections are . . . argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original

7

[motion], reviewing courts should review a report and recommendation for clear error." (citation omitted)). Based on this Circuit's caselaw, the Court cannot conclude that Judge Wang erred in finding that Ferera's conclusory allegations, without more, do not plausibly plead a violation of the Equal Protection Clause. *See, e.g.*, *Nash v. McGinnis*, 585 F. Supp. 2d 455, 462 (W.D.N.Y. 2008) (stating that "[c]onclusory allegations of disparate treatment or plaintiff's personal belief of discriminatory intent" are "insufficient" to plead an equal protection claim (citation omitted)); *Cummings v. City of New York*, No. 19 Civ. 7723, 2020 WL 882335, at *12 (S.D.N.Y. Feb. 24, 2020) (dismissing equal protection claim when plaintiff pleaded "nothing more than conclusory allegations that [did] not give rise to a plausible inference" of discrimination); *Milfort v. Prevete*, 922 F. Supp. 2d 398, 410 (E.D.N.Y. 2013) (dismissing equal protection claim alleging plaintiff was arrested only on basis of race in absence of evidence of impermissible bias).

The Court has considered all of Ferera's objections. To the extent any are not expressly discussed herein, the Court has found that they are conclusory or otherwise an effort "to engage the district court in a rehashing of the same arguments set forth in the original [motion]." *Edwards*, 414 F. Supp. 2d at 346–47. The Court has reviewed those objections, as well as any portions of the R&Rs to which Ferera does not object, for clear error and finds none.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Ferera's objections to the R&Rs and ADOPTS the SJ R&R and the MTD R&R in full. Counts Two, Three, and Four of the amended complaint, ECF No. 20, are DISMISSED without prejudice. The Clerk of Court is respectfully respected to terminate the motions at ECF Nos. 43 and 48.

SO ORDERED.

Dated: September 29, 2025
New York, New York

ANALISA TORRES
United States District Judge